UTICA,
August, 1823.

LAWRENCE
v.
WARNER.

LAWRENCE *against* WARNER, gentleman, one of the attornies, &c.

A bill of privilege is in the nature of process, and must be served personally in all cases.

A BILL of privilege was served on the clerk of the defendant in his office, but during his absence; and it never came to his hands. A default having been taken against the defendant,

Service upon the defendant's clerk in the office, tho' during the defendant's absence, will not be good.

*J. Platt*, moved to set it aside, with all subsequent proceedings, for irregularity. He said, that this bill, being in the nature of process, must be personally served. (1 *Dunlap's Pract.* 76, and the cases there cited.)(a)

*Butler*, contra, said, that the cases referred to had decided merely, that service upon the *agent* of the attorney was insufficient. He likened this proceeding to a subpœna in chancery, which might be served on the wife, or some one of the defendant's family, between whom and himself the relation of master and servant exists. Both are process; and the reason seems to be much stronger in favour of this service upon the defendant's clerk, who understands the subject. The Court will regard this as equivalent to a personal service within the rule in *Backus* v. *Rogers*, (8 *John.* 346.)

*Curia.* The bill is in the nature of process, and must be served personally *in all cases.*

Motion granted.

(a) *Backus* v. *Rogers*, 8 *John. Rep.* 346. *The President, &c. of the Bridgeport Bank* v. *Sherwood, gent. &c.* 16 *id.* 43.